HENRY C. WRIGHT V. N. GUSSETT.

Where the suit was brought by N. G., and the defendant made no objection to the non-joinder of parties, the fact that the defendant, as a witness, swore, and the account showed, that the invoice was in the name of N. G. & Co., was no such variance as could benefit the defendant.

If the plaintiff prove his account by the defendant, there is no reason why he should introduce his books of entry.

APPEAL from Live Oak. The case was tried before Hon. BENJAMIN F. NEAL, one of the district judges.

The facts are stated in the opinion of the court.

*H. C. Wright,* for appellant.

*B. H. Davis,* for appellee.

MORRILL, C. J.—Gussett sued Wright for the payment

of a bill of goods for $326 25. Defendant, Wright, pleaded a general denial. On the trial plaintiff introduced defendant as a witness, by whom he proved the correctness of the bill, subject to a deduction of two barrels of flour, which it was alleged by the witness were damaged, and that the goods were delivered to him by plaintiff and others in the store. Witness also stated that he bought the goods of N. Gussett & Co., and that the bill was as rendered.

The jury rendered a verdict for the sum of $314, being $12 25 less than the sum sued for.

The only question, so far as relates to the plaintiff's claim, is whether the fact that the account is in the name of N. Gussett & Co. raises the legal presumption that other parties than plaintiff must be presumed to be interested in the claim, in the absence of both allegation in the pleadings or any testimony to that effect.

We believe it to be a custom, especially in old-settled countries, for a house to transact business under a particular name, style, or designation, which has been used for generations, and which may not for years have contained the name of any one interested in it. It is not the name that appears over a store-door or on the bill-heads of a mercantile house that gives the names of the real owners. N. Gussett & Co. might once have been the partnership name of more or less merchants and partners, and all may have sold their interest in the concern to N. Gussett, who would in that case be the sole owner, and would still have the right to use the former property and name of N. Gussett & Co. Defendant having failed to allege or plead that any one but the plaintiff was the owner of the goods sold, and being himself a general witness for plaintiff, could have made evident to the court and jury the fact, if such existed, that there were other parties plaintiff that should have joined in the suit.

It was also objected by the defense that plaintiff should produce his original book of entries as testimony. If plain-

tiff had not deemed it proper to introduce the defendant as a witness, and had no other testimony but his books, he could have introduced them after having proved his correctness and honesty as a trader and book-keeper, and also verified as to their correctness by his own affidavit. But there was no necessity to resort to any other source of testimony than the defendant, who made no objections to becoming a witness.

The rulings of the court were legal, and the verdict was in accordance with the testimony furnished by the appellant, and it is seldom we see a case where there is so little cause of reversal for injustice done.

JUDGMENT AFFIRMED.